IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NIRAN WILLIAMS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID CLOSE, *Facility Manager,* )<br>*Superintendent,* )<br>)<br>Defendant. ) | Civil Action No. 3:25-cv-079<br>Judge Stephanie L. Haines<br>Magistrate Judge Keith A. Pesto |

**MEMORANDUM ORDER**

Presently before the Court is a complaint in civil action under 42 U.S.C. § 1983 filed *pro se* by Niran Williams a ("Plaintiff") (ECF No. 8). Plaintiff sued Defendant Close for an incident which took place at the State Correctional Institution at Houtzdale ("SCI-Houtzddale"), which Plaintiff claims violated the law and his civil rights. *Id.* at 3. This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

A.  **Standard of Review**

Under the Prisoner Litigation Reform Act ("PLRA"), courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or that fail to state a claim on which relief may be granted.[1] 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). These statutes require the Court to review the Complaint and *sua sponte* dismiss any claims that are frivolous or malicious or fail to state a claim upon which relief may be granted. "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v.*

---

[1] *See* ECF No. 2, Plaintiff's Complaint with *in forma pauperis* ("IFP") pending. Memorandum Order granting Plaintiff's Motion for Leave to Proceed in formal pauperis (ECF No. 7).

*Williams,* 490 U.S. 319, 325 (1989). In determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992). The legal standard for dismissing a complaint under these statutes for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a *pro se* litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678-79 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679. Nevertheless, because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

2

**B.     Discussion**

Plaintiff complains that he was hit by a brick or a rock thrown at him in the inmate yard on September 20, 2024. He states that he was knocked out, needed six stitches inside of his mouth, lost one tooth, and broke his jaw. ECF No. 8, pp. 4-5, 12.[2] He sues Defendant Close under "staff negligence" and seeks $50,000 in punitive damages.

On March 24, 2025, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 9) recommending Plaintiff's Complaint (ECF No. 8) be dismissed with leave to amend. Judge Pesto stated that Plaintiff failed to state a claim upon which relief could be granted because the Complaint was deficient in alleged facts and legal bases; Plaintiff's claim of negligence is a state claim which is not properly brought in federal court; and Defendant Close, the only named defendant, is an improper defendant. Recognizing Plaintiff's *pro se* status, Judge Pesto afforded Plaintiff the opportunity to amend. The Court of Appeals, in *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002), directs courts to allow plaintiffs in civil rights cases leave to amend unless that amendment is "futile" or "inequitable."

Plaintiff was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Plaintiff filed no objections, and the time to do so has expired. Plaintiff did, however, timely move for an Extension of Time to Amend the Complaint (ECF No. 10). His Motion was granted and he was ordered to file the Amended Complaint by May 31, 2025. To date Plaintiff has not filed any amended pleadings nor has he communicated with the Court in any way. While this Court agrees with Judge Pesto's determination to grant leave to amend, it has been over 6 months since the deadline by which Plaintiff was to file an Amended Complaint and as such Plaintiff's Complaint

---

[2] Plaintiff administratively exhausted this claim. See Final Appeal Decision (ECF No. 8, p. 12).

3

will be dismissed.[3]

Upon review of the record and the Report and Recommendation (ECF No. 9) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept the findings and recommendations of Magistrate Judge Pesto. Magistrate Judge Pesto correctly determined Plaintiff has failed to state a claim upon which relief can be granted and has failed to timely amend his complaint.

Accordingly, the following order is entered:

## ORDER

AND NOW, this 15th day of December, 2025, IT IS ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 9) is adopted, as the Opinion of the Court and;

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 8) is hereby DISMISSED with prejudice; and

---

[3] Given Plaintiff's failure to file an Amended Complaint this Court also recognizes that under the law Plaintiff has failed to prosecute his case. The Third Circuit has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008)).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *See Briscoe*, 538 F.3d at 263. But in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The weight of the factors as applied here favor dismissal.

IT IS FURTHER ORDERED that the Clerk of Courts is to mark this case closed.

_____
Stephanie L. Haines
United States District Judge